IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM R. TABOAS COLON, et al. *
      Plaintiffs *
v. *   Civil No. 04-2371(SEC)
ANGELO DIAZ GONZALEZ, et al. *
      Defendants *
**********************************

**OPINION AND ORDER**

Pending before the Court are Plaintiffs' motion for contempt against Co-Defendant Angelo Díaz (Docket # 75); Díaz's motion for reconsideration of sanctions (Docket # 78); and Attorney Carlos Sánchez-Román's motion to withdraw as attorney for Co-Defendant Díaz (Docket # 77), and Plaintiffs' opposition thereto (Docket # 79). After reviewing the filings, the record as a whole, and the applicable law, Plaintiffs' Motion will be **HELD IN ABEYANCE**, Díaz's motion will be **GRANTED in part and DENIED in part**, and Sánchez-Román's motion to withdraw will be **GRANTED**.

**Factual and Procedural Background**

A more detailed account of the facts relevant to this Opinion and Order may be found in our previous Order of January 10, 2008 (Docket # 73). Therein, the Court entered default against Co-Defendant Díaz for his unexcused and repeated failure to comply with discovery in this case, notwithstanding the Court's orders. Thereafter, Plaintiffs sent a letter to Díaz requesting him to answer the discovery requests by January 22, warning him that failure to do so would result in Plaintiffs filing a motion for contempt. Because Díaz failed, yet again, to produce the discovery requested, Plaintiffs filed the instant motion asking the Court to issue a Contempt Order against him. See, Docket # 75. A week later, Attorney Sánchez Román reiterated his request to withdraw from this case, and asked the Court to grant Díaz a short period of time to procure new legal representation. See, Docket # 77. Two days later, Co-Defendant Días, *pro se*, filed motion requesting the Court to reconsider the imposition

**Civil Case 04-2371(SEC)**                                                                 2

of sanctions against him because "[a]ny sanctions imposed against us (sic) have been caused by the lack of diligence of Counsel Sánchez and not by any acts of defendant." Docket # 78, p. 2. Díaz also moved the Court to accept Sánchez-Román's request to withdraw so that he may obtain new counsel. Finally, Plaintiffs filed an opposition to Attorney Sánchez Román's request to withdraw.

**Applicable Law and Analysis**

We first address Díaz's motion. Díaz requests the Court to set aside the sanctions imposed against him arguing that he was without fault in the delay of discovery. (Docket # 78, p. 2). However, the precedent is clear: "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Services Co. V. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396 (1993), citing, Link v. Wabash R. Co., 370 U.S. 626, 633 (1962). The rationale behind this rule is that a party voluntarily chooses his or her attorney as representative in the action, and therefore, "cannot avoid the consequences of the acts or omissions of his [or her] freely selected agent." Pioneer, 507 U.S. at 397. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed to be bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Id.

In light of the above, Díaz's request to set aside the sanctions imposed against him is hereby **DENIED**. However, from the correspondence exchanged between client and counsel, the Court notes that the relationship between them at this point would be counterproductive to the proceedings in this case, and represent a clear conflict of interest between client and attorney. Therefore, the Court hereby **GRANTS** Attorney Sánchez-Román's motion to withdraw (Docket # 77). Co-Defendant Díaz is hereby **ORDERED** to appear with new counsel by **2/19/2008**. The Court also **ORDERS** Díaz to confer with Attorney María del Carmen Taboas, Plaintiffs' counsel, prior to said date, in order to agree on a date to produce the discovery requested by Plaintiffs. Díaz is also **ORDERED** to file a notice of compliance

**Civil Case 04-2371(SEC)**                                                                                              3

with this order by **2/19/2008**. Also, all the parties are **ORDERED** to file a **JOINT Rule 26 Report** by said date. **Discovery is now set to conclude on 3/15/2008.**

Finally, Plaintiffs' motion requesting a contempt order against Díaz (Docket # 75) is **HELD IN ABEYANCE**. Should Co-Defendant Díaz fail to contact Plaintiffs by the date set herein, Plaintiffs may so notify the Court, and the Court will rule on their motion accordingly. Co-Defendant Díaz is forewarned that the Court is inclined to grant Plaintiffs' request for contempt if he continues to disregard this Court's orders.

The Clerk of the Court is instructed to notify this order to Co-Defendant Díaz to the postal address included in his motion at Docket # 78.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of February, 2008.

                                             S/ *Salvador E. Casellas*
                                             SALVADOR E. CASELLAS
                                             U.S. Senior District Judge