IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TABOAS COLON, et al

Plaintiffs

DIAZ-GONZALEZ, et al          CIVIL NO. 04-2371 (SEC)

Defendants

**OPINION AND ORDER**

On September 19, 2008, Defendant Angel Díaz-Gonzalez filed his third motion requesting that default be set aside. Docket # 137. Plaintiffs opposed. Docket # 157.

After reviewing the filings and the applicable law, Díaz's request that default be set aside is **DENIED**.

**Factual and Procedural Background**

The facts of the instant case were set forth in our previous Opinions and Orders of November 6, 2007 (Docket # 48), January 10, 2008 (Docket # 73) and February 5, 2008 (Docket # 80). Plaintiffs, William R. Taboas-Colón, his wife, and their conjugal partnership (hereinafter Plaintiffs), filed the instant action against Angelo Díaz-Gonzalez, Angel de Jesús, their respective wives and conjugal partnerships, and various unnamed defendants. Plaintiffs seek to rescind an investment contract (the viatical settlement)[1], to which they allegedly entered into moved by the Defendants' investment advice. Additionally, Plaintiffs requested restitution of the monies paid in furtherance of that contract, as well as interest computed therein, damages, attorney's fees and costs.

---

[1] A viatical settlement is a transaction in which a holder of a life insurance policy (the viator) sells the policy to a third party at a discount, which in turn sells it to various customers who would receive the benefit of a lump sum upon the viator's death. See Docket # 1, at p. 4; see also Black's Law Dictionary 1405 (8th Ed. 2004)("a transaction in which a terminally ill or chronically ill person sells the benefits of a life insurance policy to a third party in return for a lump-sum cash payment equal to a percentage of the policy's face value.")

**CIVIL NO. 04-2371 (SEC)**                                                                 **Page 2**

Per Plaintiffs' allegations, Mutual Benefits Corporation ("MBC"),[2] which is not a party to this action (see Docket # 34), was a viatical settlement provider, who used to sell said products through sales agents or representatives. According to Plaintiffs' Complaint, Díaz and de Jesús sold the aforementioned investment to Plaintiffs as agents/representatives of MBC. Plaintiffs allege that said sale violated various federal and local securities laws. They assert eight causes of action, three of which are premised on federal law. The remaining causes of actions are for fraud, breach of contract, breach of fiduciary duty, and negligence under common and state law.

On January 10, 2008, the Court entered default against Co-Defendant Díaz for his unexcused and repeated failure to comply with discovery in this case, notwithstanding the Court's orders. Docket # 73. Thereafter, upon Plaintiffs' motion for contempt, and Díaz's motion to set aside the default, the Court, on February 5, 2008, denied both motions and ordered Díaz to appear with new counsel and file an amended Rule 26 Report by February 19, 2008, in order to agree on how to provide the owed discovery, and to file a notice of compliance with the Court's order by said date. See Docket # 80. On February 15, 2008, Díaz appeared with new counsel (Docket # 81) and on February 19, 2008, through his new counsel, filed another Motion to Set Aside the Default (Docket # 85). In the March 28, 2008 Opinion and Order, this Court denied, for the second time, Díaz's motion to set aside the default. Docket # 94. This Court also denied Díaz's motion for reconsideration. Docket # 98.

Thereafter, the parties engaged in limited discovery and filed their respective motions for summary judgment. On September 19, 2008, Díaz filed his third motion requesting that default be set aside. Docket # 137. Díaz argues that, per the arguments set forth in his motion for summary judgment, he has meritorious defenses which merit the lifting of the default. Plaintiffs opposed to Díaz's request. Docket # 157.

---

[2] MBC is currently a defendant in an action initiated by the SEC in the Florida District Court for securities laws violations. SEC v. MBC, Civil No. 04-60473 (S.D. Fla.). MBC cannot be joined because it has been placed under a TRO and Assets Freeze and is under the direction of a Receiver.

**Standard of Review**

*FED. R. CIV. P. 55*

When dealing with a motion to set aside default, the Court must first determine which standard will govern. If the movant is in default but no judgment against him has been entered, Fed. R. Civ. P. 55 (c) applies. If a judgment was entered, and the movant asks for it to be set aside, then Fed. R. Civ. P. 60(b) governs. See, U.S. v. $23,000, 356 F. 3d 157, 164 (1st Cir. 2004)(hereinafter $23,000). Because no judgment has been entered against the herein Defendants, the motion must be reviewed under Fed. R. Civ. P. 55(c), which provides that "[f]or good cause shown the court may set aside an entry of default."

The relevant factors to determine whether good cause has been show are: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. See KPS & Associates, Inc. v. Designs by FMC, Inc., 318 F. 3d 1, 12 (1st Cir. 2003); see also Leshore v. County of Worcester, 945 F. 2d 471 (1st Cir. 1991); Effjohn Intern. Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F. 3d 552, 563 (5th Cir. 2003). These requirements are not exclusive but a "means to identify good cause." Effjohn, 346 F. 3d at 563. These three factors should be weighed by this Court in determining whether good cause exists, however, there is no "precise formula for the good cause analysis." KPS, 318 F. 3d at 12. Each case should "turn on its own unique circumstances." Id. Other factors considered are the "nature of the defendant's explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion." Id.

"Rule 55(c) determinations are case-specific and must, therefore, be made in practical, commonsense manner, without rigid adherence to, or undue reliance upon, a mechanical formula." Id. This flexibility is "necessitated by the compelling policies and values that underlie the concept of default[, to wit], it provides a useful remedy when a litigant is confronted by an obstructionist adversary

**CIVIL NO. 04-2371 (SEC)**                                                                                      **Page 4**

and plays a constructive role in maintaining the orderly and efficient administration of justice." Id., at 12-13. Rule 55 also furnishes an invaluable incentive to the parties to comply with the Court's orders and rules of procedure, and encourages the "expeditious resolution of litigation and promotes finality." Id. On the other side, the Court should evaluate these considerations against the goals of resolving cases on the merits and avoiding harsh results. Id.

"A party who defaults is taken to have conceded the truth of the factual allegations in the complaint," Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir. 1999), and the default of a defendant constitutes an admission of all facts well-pleaded in the complaint. Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); see also Santiago v. Hosp. Cayetano Coll y Toste, 260 F. Supp. 2d 373, 378 (D.P.R. 2003) (citing Metropolitan Life Ins. Co. v. Colon-Rivera, 204 F. Supp. 2d 273, 2002 WL 1012962 (D. P.R. 2002) (citing Banco Bilbao Vizcaya, 285 F.3d at 114 (finding that "a party gives up right to contest liability 'when it declines to participate in the judicial process'"); Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 693 (1st Cir. 1992) (finding that "an entry of a default against a defendant establishes the defendant's liability"). Moreover, a party in default waives all affirmative defenses. McKinnon v. Kwong WAH Rest., 83 F.3d 498, 505 (1st Cir. 1996).

However, albeit a defendant on default has no standing to contest the factual allegations of plaintiff's claim for relief, he does not waive his right to question the extent of the damages suffered by the plaintiff. Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46 (D.P.R. 1974). FED. R. CIV. P. 55(b)(2) provides that following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor." Said rule further states that: [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it

deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." Id.

As a result, "the damages are left to the Court's determination, based on the evidence received, and on the Court's weighing of the same." Santiago v. Hosp. Cayetano Coll y Toste, 260 F. Supp. 2d 373, 378 (D.P.R. 2003).

**Applicable Law and Analysis**

In light of the standard set forth above, we will address Díaz's motion to set aside his default. First, although Díaz has repeatedly claimed that his default is solely attributable to his former counsel, Attorney Carlos Sánchez's, failure to keep him informed about the Plaintiffs' discovery requests, this Court held otherwise. In our March 28, 2008 Opinion and Order, this Court provided that Díaz "was willful, or at the very least, reckless, in his obstructing discovery". Docket # 94, p. 4. Further, this Court disagreed with him in that he was totally without fault. Moreover, since we could not divorce him from his Counsel, Díaz's actions warranted the entry of default. As explained in our previous orders:

> "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Services Co. V. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396 (1993) (citing Link v. Wabash R. Co., 370 U.S. 626, 633 (1962)). The rationale behind this rule is that **a party voluntarily chooses his or her attorney as representative in the action, and therefore, "cannot avoid the consequences of the acts or omissions of his [or her] freely selected agent**." Pioneer, 507 U.S. at 397. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed to be bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Id.

Docket # 80, p. 2 (emphasis added).

Furthermore, the record also shows that Díaz confided in his former counsel *for over three years* prior to raising his alleged neglect. As stated in our prior Opinion & Order, we cannot take into account only his expedited conduct in retaining new Counsel after the default was entered. Docket # 94. The reason for the entry of default was that Díaz obstructed discovery *for years*, and after being instructed to provide the discovery, he failed to do so in a satisfactory manner. Although he claimed that he did

**CIVIL NO. 04-2371 (SEC)**                                                                 **Page 6**

not know of the pendency of the discovery requests made by Plaintiffs on 2005, the record reveals otherwise. As shown in Plaintiffs' exhibits to their opposition, Plaintiffs' Counsel repeatedly asked him whether he would produce some documents still pending at the time of his deposition, and in many occasions Díaz stated "I can find for you", and other similar statements. See Docket # 89, Ex. B, p. 34; Ex. B., p. 36, Ex. B., p. 35. His deposition was taken in November 15, 2006, see Docket # 89, p. 6, and at the date of the entry of default, he still owed the documents he said he, himself, would "find" for Plaintiffs. Therefore, Díaz was aware of Plaintiffs' requests, and his attorney's failure to comply. As such, he is not without fault. Moreover, Díaz has not shown good cause for this Court to ignore its prior holdings as to this element.

Second, setting the default aside would be extremely prejudicial to the Plaintiff. The Court notes that default was entered on January 10, 2008, that is, more than four years after the filing of the complaint. See Docket # 73. Therefore, Díaz sat idly for years in the discovery process while Plaintiffs sought to move the case forward expediently. As previously stated in our March 28, 2008 Opinion and Order, allowing Díaz to start afresh and to procure discovery from the Plaintiffs as to all allegations in the Complaint would be extremely prejudicial to Plaintiffs without their ever having been negligent in the prosecution if this case. Docket # 94. As such, the prejudice suffered by Plaintiffs weighs in favor of leaving the default undisturbed..

Third, since the Court cannot properly evaluate the merits of a defense, without first lifting the default, this element must be analyzed with caution. Díaz contends that a meritorious claim, as well as the evidence to support it, has been presented in his motion for summary judgment. Docket # 137. Specifically, Díaz avers that many of his defenses are based upon Taboas' own admissions, obtained during his deposition. He further contends that since Taboas' deposition was held on July 24, 2006, that is, after his prior motion to set aside default was denied, the Court now has sufficient cause to set aside the default. In support of his request, Díaz set forth the following defenses: (1) that the rescission

remedy is not available against him since he doesn't have a contract with Plaintiff; (2) that there is no joint and several liability under securities laws and MBC is not a party in the instant case; (3) that he is not a seller under Section 12(2); (4) that he did not make use of any form of interstate commerce; (5) that he made no representation nor omissions to the plaintiff; (6) that he exercised due diligence, (7) that Plaintiffs' investment is active and under the Receiver's administration and therefore Plaintiffs have not suffered any damages; and (8) that Plaintiffs have not mitigated their damages.

However, as previously stated in our March 28, 2008 Opinion and Order,

> [i]n failing to address discovery requests to the Plaintiffs and obstructing the discovery process initiated by the Plaintiffs, we hold that he waived his right to establishing that he provided the necessary information to the Plaintiffs in the process of advising them to purchase the Viatical contract. That is precisely what the default entry will prevent him from doing: contesting Plaintiffs' allegations as to the misleading nature of his statements to them.

Docket # 94, p. 5-6.

Taking into consideration the factors set above, we cannot take into account the allegations on the merits set forth in Díaz's motion for summary judgment. Notwithstanding, as stated in our prior Opinion and Order, although Díaz cannot contest Plaintiffs' factual allegations as a result of his default, he can, by virtue of Fed. R. Civ. P. 55, and its interpretative case law, contest Plaintiffs' prayer for damages. As a result, Díaz was allowed to conduct discovery on the issue of damages. (Docket # 94, p. 6).

Finally, the nature of the defendant's explanation for the default, his alleged good faith, the amount of money involved, and the timing of the motion, do not merit the lifting of default in this case. As previously stated, Díaz's explanation for the default and his alleged good faith remain unclear to the Court. Moreover, the alleged expedited nature of his motion to set aside the default, in light of three years of having confided in his former counsel, remains a shaky argument.

The Courts must take into account the purpose of the default as a sanction, that is, to provide a useful remedy when a litigant is confronted by an obstructionist adversary, to maintain the orderly and

**CIVIL NO. 04-2371 (SEC)** **Page 8**

efficient administration of justice, and to provide finality to the Court's orders. See <u>KPS</u>, 318 F. 3d at 13. Plaintiffs have diligently attempted to move this case forward for over two years before the entry of default, however, their efforts were thwarted by Díaz's procrastination. As such, we believe that the entry of default in the instant case is appropriate.

In view of the above, Díaz's motion to set aside judgment is **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 23rd day of January, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge